UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KWANG CHOL JOY,<br><br>　　　　　　Petitioner,<br><br>　　　v.<br><br>CRAIG KOENIG, Acting Warden,<br><br>　　　　　　Respondent. | Case No. SACV 17-1195-JLS (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　　The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge, which recommends that judgment be entered denying the Petition and dismissing this action with prejudice.  On May 18, 2020, Petitioner filed Objections to the R. & R., in which he mostly simply repeats arguments from his Petition and Traverse.

　　　For instance, Petitioner continues to argue that "jury selection error" deprived him of a fair trial.  (Objs. at 9.)  He does not object to the Magistrate Judge's finding that habeas relief is not warranted on his claim that the trial court employed

an improper voir dire procedure. (See R. & R. at 29-31.) Rather, he contends that in rejecting his alternative argument that he was deprived of his constitutional right to a "petit jury that is as near an approximation of the ideal cross-section of the community as the process of random draw permits" (Pet. at 25), the Magistrate Judge incorrectly stated that defense counsel had not challenged the jury pool on that basis. (Objs. at 9). But although counsel moved to dismiss the jury pool because it was "no longer representative of the community" given how voir dire had unfolded (Pet., Ex. 1 at 4), he never argued, as the Magistrate Judge recognized (see R. & R. at 32), that the procedure unconstitutionally produced an "all Caucasian" jury pool or jury (Pet. at 25). The record does not reflect the racial composition of either, and Petitioner has not submitted any evidence on that score, as the Magistrate Judge also recognized. (See R. & R. at 32.) Thus, she correctly found that Petitioner had failed to make a prima facie showing that any protected group was not adequately represented in the jury pool or was disproportionately excluded as a result of voir dire. (See id. at 31-33.)

Petitioner also continues to maintain that the prosecution failed to disclose favorable evidence to the defense. (Objs. at 5-7.) To start, the Magistrate Judge correctly refused to consider Petitioner's unexhausted claim, improperly raised for the first time in an unauthorized addendum to the Traverse, that the prosecution found and failed to turn over Ramos's missing cell phone. (See R. & R. at 33 n.8.) Petitioner's attempt to press that claim in his objections (see Objs. at 5-6) fails for the same reasons. Moreover, he has not shown that any of the evidence the

prosecution purportedly failed to disclose would have been favorable to his defense or that an evidentiary hearing might so establish. His conclusory assertion that the allegedly suppressed evidence must have been "favorable" (id. at 6) does not satisfy his burden.[1]

Petitioner's other objections are similarly conclusory. For instance, he asserts that the Magistrate Judge improperly rejected his ineffective-assistance-of-counsel claim, arguing that if counsel had investigated Ramos's allegedly missing phone records the results "would have been in [his] favor." (Id. at 3.) But he provides no basis for that conclusion. Likewise, although he repeats that counsel was ineffective for not calling an expert to contradict a prosecution witness's testimony that chemicals found in Ramos's blood were produced postmortem (id. at 5), there is no reason to believe any expert would have so testified, and, as the Magistrate Judge found, evidence that Ramos was poisoned would only have further inculpated Petitioner (see R. & R. at 57).[2] Nor is there any reason to believe that additional analysis of blood found on Ramos's pajamas would have been exculpatory. The DNA analyst who compared the blood to samples of Ramos's and Petitioner's DNA testified that it was consistent with Ramos's and ruled out Petitioner as its source. (See Lodged Doc. 2, 2 Rep.'s Tr. at 366,

---

[1] Petitioner contends that the Court should liberally construe his pleadings on account of his pro se status. (Objs. at 2.) But his burden to establish entitlement to federal habeas relief is not lessened because he represents himself.

[2] Contrary to Petitioner's assertion (see Objs. at 4), the Magistrate Judge correctly noted that his counsel did call an expert witness — the crime-lab pathologist who performed Ramos's autopsy and who was not called as a witness by the prosecution (see Lodged Doc. 2, 2 Rep.'s Tr. at 444, 454).

3

368, 372-73.)  Petitioner's insistence that the blood was not Ramos's (Objs. at 4) is and was, as the Magistrate Judge recognized (see R. & R. at 55 n.15), based on a misstatement by the prosecutor that was promptly corrected.  Finally, Petitioner refers to Senate Bill 1437 (see Objs. at 10), but that law, which amended California's felony-murder rule and went into effect after Petitioner's conviction became final, has no relevance to this case.

 Having reviewed de novo those portions of the R. & R. to which Petitioner objects, the Court agrees with and accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: September 2, 2020

JOSEPHINE L. STATON
U.S. DISTRICT JUDGE